UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RADCLIFFE LEWIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 24-01267 (UNA) |
| | ) |
| | ) |
| DISTRICT OF COLUMBIA *et al.*, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION**

This matter, brought *pro se*, is before the Court on its initial review of Plaintiff's Complaint, ECF No. 1, and Motion for Leave to Proceed *in forma pauperis*, ECF No. 2. The Court will grant the motion and dismiss the complaint for lack of subject-matter jurisdiction.

The subject-matter jurisdiction of the federal district courts is limited and is set forth generally at 28 U.S.C. §§ 1331 and 1332. Under those statutes, federal jurisdiction is available only when a "federal question" is presented, *id*. § 1331, or the parties are of diverse citizenship and the amount in controversy "exceeds the sum or value of $75,000, exclusive of interest and costs," *id*. § 1332(a). "For jurisdiction to exist under 28 U.S.C. § 1332, there must be complete diversity between the parties, which is to say that the plaintiff may not be a citizen of the same state as any defendant." *Bush v. Butler*, 521 F. Supp. 2d 63, 71 (D.D.C. 2007) (citing *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373-74 (1978)). It is a "well-established rule" that in order for an action to proceed in diversity, the citizenship requirement must be "assessed at the time the suit is filed." *Freeport-McMoRan, Inc. v. K N Energy, Inc.*, 498 U.S. 426, 428 (1991).

A party seeking relief in the district court must plead facts that bring the suit within the court's jurisdiction, Fed. R. Civ. P. 8(a), or suffer dismissal of the case, Fed. R. Civ. P. 12(h)(3).

This action brought by a District of Columbia resident consists of a one-page handwritten form Complaint captioned against the District of Columbia, ECF No. 1 at 1, a three-page typed document titled "Complaint of Harassment, Threats, Unlawful Entry, and Wrongful Ejectment," *id*. at 2-4, and a two-page handwritten "Addendum" reiterating the harassment claims, *id*. at 5-6 (collectively "Compl."). Plaintiff alleges the following occurrences.

> Roy and Hyacinth Samuels (Defendants) rented a basement in a single family house to a male and female, then engaged a pattern [sic] of harassment to deny the tenants the very product that rented: room in a private basement with private entrance. Then the defendants abruptly demanded the tenants to leave without providing any notice to vacate, while threatening to quarter another, and, unknown person into the basement. After plaintiff filed a complaint with the District of Columbia Department of Housing and Community Development regarding the rising dispute, the defendants unlawfully entered the basement, and lock[ed] away a part of the basement while the lights were off using flashlights. When plaintiff shouted, "Don't come down here," the defendants (et al) fled.

Compl. at 2. Claiming harassment, intentional infliction of emotional distress, and wrongful ejectment, Plaintiff seeks monetary damages exceeding $1.5 million and injunctive relief based on the defendants' "uncivilized actions" involving the tenancy. *Id*. at 2-3.

Although Plaintiff mentions "civil rights violation" "public accommodation-housing" and "unlawful policing," *id*. at 1, the "mere suggestion of a federal question is not sufficient to establish the jurisdiction of federal courts." *Johnson v. Robinson*, 576 F.3d 522, 522 (D.C. Cir. 2009) (per curiam), quoting *Bilal v. Kaplan*, 904 F.2d 14, 15 (8th Cir. 1990) (per curiam). The gravamen of the Complaint is a landlord-tenant dispute in D.C., which neither presents a federal question nor appears to involve citizens of different states. Consequently, this case will be dismissed by

separate order. *See id.* (affirming jurisdictional dismissal where "the complaint is an outgrowth of a D.C. landlord-tenant dispute between residents of the District").

Date: June 12, 2024

/s/
TIMOTHY J. KELLY
United States District Judge